UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

KENNETH KEVIN JOHNSON,

    Petitioner,

v.                                        CASE NO. 2:23-CV-11844
                                          HONORABLE SEAN F. COX
                                          CHIEF UNITED STATES DISTRICT JUDGE

DIRECTOR, RESIDENTIAL
REENTRY MANAGEMENT FIELD
OFFICE DETROIT,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Kenneth Kevin Johnson, ("Petitioner"), currently serving a sentence of home confinement through the Bureau of Prisons (BOP), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' refusal to apply his earned time credits under the First Step Act toward early release to pre-release custody. Respondent filed an answer to the petition for writ of habeas corpus. For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED.

**I. Background**

Petitioner pleaded guilty in the United States District Court for the Eastern District of Michigan for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced to 72 months in prison. Petitioner's projected release date is August 27, 2024. At the beginning of 2023, petitioner was granted home confinement under the

1

Cares Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 218, 516 (2020), and is serving his remaining sentence under the supervision of the Detroit Residential Reentry Management field office. (ECF No. 1, PageID.10, ECF No. 6, PageID. 91).

Petitioner seeks habeas relief, claiming that the BOP has arbitrarily denied him his earned time credits toward early release to supervised release or pre-release custody under the First Step Act.

## II. Discussion

The petition for writ of habeas corpus is subject to dismissal because petitioner failed to exhaust his administrative remedies prior to filing his petition.

A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F.3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

The fact that petitioner has now been released to home confinement does not excuse him from the exhaustion requirement. 28 C.F.R. § 542.10 states that the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement." Petitioner's home confinement is being supervised by the Detroit Residential Reentry Management field office at the time he filed this petition. He thus falls under the second category—as an inmate designated to a contract Community Corrections Center under the Bureau of Prisons' responsibility. The exhaustion requirement applies to former inmates like petitioner who are being supervised by a residential reentry center, with the sole exception that the petitioner is not required to attempt an informal resolution of the issue before seeking formal review of his or her claim with the BOP. *See Attisha v. United States,* No. 2:22-CV-11653, 2022 WL 17815147, at * 1 (E.D. Mich. Dec. 13, 2022)(citing *Lallave v. Martinez,* 635 F. Supp. 3d 173, 181–82 (E.D.N.Y. 2022)). Moreover, even if petitioner is no longer incarcerated, this does not relieve him of the requirement that he exhaust his administrative remedies because the administrative remedy program applies to former prisoners like petitioner for issues which arose during their confinement. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001)(citing 28 C.F.R. § 542.10).

Petitioner admits that he never exhausted his administrative remedies regarding his claim. (ECF No. 1, PageID.2, 17–18). Although petitioner alleges that he attempted to exhaust his administrative remedies, he claims that he was told by his case manager that the Residential Reentry Management Center was not in a position to respond to his grievance.

Although there is a futility exception to the exhaustion requirement, *See Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)), petitioner failed to show

3

that it would be futile to exhaust his claim. Although petitioner claims that he was prevented from seeking administrative review, petitioner's futility allegation is conclusory or unsupported, which is insufficient to establish that it would be futile to exhaust his remedies. *See e.g. Dunbar v. Sabol*, 649 F. Supp. 2d 1, 4 (D. Mass. 2009). Neither petitioner nor other inmates under the management of the Detroit Residential Reentry Management field office (RRM) have been prohibited from pursuing administrative remedies and administrative remedies are received and reviewed regularly through the Detroit RRM office. (Respondent's Ex. 2: Declaration of M. Call, ¶ 10, ECF No. 6-3, PageID. 121). BOP records show that petitioner made no attempt to exhaust his administrative remedies before filing this habeas petition. (*Id.*, ¶ 9 & Attachment 2, ECF No. 6-3, PageID. 121, 128).

The instant petition is subject to dismissal because petitioner did not exhaust his administrative remedies. *See e.g. Gates-Bey v. U.S. Parole Com'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

Petitioner's habeas claim regarding the denial of earned credits under the First Step Act has also been rendered moot by his release from federal prison. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency

of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Petitioner's claim that he is entitled to credits under the First Step Act has been mooted by his release from federal custody. *See Inniss v. Hemingway,* 657 F. Supp. 3d 986, 988–89 (E.D. Mich. 2023); *See also Cook v. Hemingway*, No. 21-cv-11711, 2022 WL 3568571, * 2 (E.D. Mich., Aug. 18, 2022).

Finally, petitioner's conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime renders him ineligible to receive earned time credits under the First Step Act, because prisoners are not eligible to receive these earned time credits if they are serving a sentence for certain convictions, including a conviction under § 924(c). *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023)(citing 18 U.S.C. § 3632(d)(4)(D)(xxii)).

Petitioner claims, however, that the exclusion of federal prisoners who have been convicted of firearms violations from receiving earned time credits under the FSA violates his right to equal protection.

"Although the Fourteenth Amendment applies on its face only to the states, the Due Process Clause of the Fifth Amendment imposes equal protection constraints on the federal government." *United States v. Green*, 654 F.3d 637, 650–51 (6th Cir. 2011)(citing *Bolling v. Sharpe*, 347 U.S. 497, 498–99 (1954)). A federal court should "evaluate equal protection claims against the federal government under the Fifth Amendment just as [the court] would evaluate equal protection claims against state and local governments under the Fourteenth Amendment." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)(citing *United States v. Angel*, 355 F.3d 462, 471 (6th Cir. 2004)).

5

To violate the Fourteenth Amendment's Equal Protection Clause, the state must treat two groups of similarly situated people differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). This right demands that "all persons similarly situated should be treated alike." *Id.* In general, classifications based on "race, alienage ... national origin ... [or] gender ... call for a heightened standard of review." *Id.* at 440. Absent one of these suspect classifications, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.*

Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson,* 230 F.3d 840, 843 (6th Cir. 1998). In addition, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

Another federal judge has rejected a similar equal protection challenge to 18 U.S.C. § 3632(d)(4)(D)(xxii)'s exclusion of certain offenses from eligibility to receive FSA credits:

> Here, there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses. The excluded offenses—including the offense of which the defendant was convicted—are some of the most serious crimes punishable under federal law. *See, e.g.,* 18 U.S.C. § 3632(d)(4)(D)(xi)(relating to chemical weapons), (xx)(relating to threats against the President), (xxiv)(relating to genocide), (xxxii)(relating to terrorist attacks). The exclusion of this and other offenses from earning additional good time credit is, effectively, a legislative judgment to punish these crimes more severely than others. It is axiomatic that "[t]here is ... a rational basis for treating the sentence of different types of crimes differently." *Tyson v. Baldwin*, No. 19cv648, 2020 WL 469663, at *2 (S.D. Ill. Jan. 29, 2020).

*United States v. Powell*, No. 2:11-CR-205, 2023 WL 5489030, at * 5 (E.D. Va. Aug. 24, 2023).

Another federal judge in the Sixth Circuit has reached the same conclusion. *Martinez-Palacios v. Garza*, No. 4:23-CV-42, 2023 WL 6540947, at * 2, n. 1 (N.D. Ohio Oct. 6, 2023)("the First Step Act's exclusion of certain offenses from consideration for good-time credit is not a violation of the Equal Protection Clause").

This Court likewise concludes that petitioner's ineligibility to receive FSA credits because of his firearms conviction did not violate his right to Equal Protection. Accordingly, the petition is dismissed.

### III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: July 11, 2024            s/Sean F. Cox
                                               Sean F. Cox
                                               United States District Judge